UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MELISSA KELLEY-HILTON
,
                Plaintiff,

     - against -

STERLING INFOSYSTEMS INC.,

             Defendant.

---------------------------------------------------------------x

Civ. A. No. 19-cv-09963

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-19-2019

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Melissa Kelley-Hilton ("Kelley-Hilton") and defendant Sterling Infosystems Inc. ("Sterling") (each a "party" and collectively, the "parties") to this Stipulated Confidentiality and Protective Order ("Protective Order") have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1.    **Scope.** All materials produced or adduced in the course of this litigation, including forensic discovery, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Protective Order concerning confidential information, highly confidential information, and privileged information as defined below. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.** As used in this Protective Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party. Confidential Information falls within one or

more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets, or any other commercially sensitive business information, including research, technical, commercial or financial information, pricing models, or information relating to business practices or policy, strategic planning, competitive analysis, or pricing that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records of a person who is not a party to the case; (g) information received in confidence from third parties; (h) private or personal information or materials belonging to Kelley-Hilton or members of her family that may be contained on devices provided to Sterling's counsel or forensic analyst; and/or (i) any information that the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G) or this Protective Order. Information or documents that are available to the public may not be designated as Confidential Information.

3.  **AEO Information.** As used in this Protective Order, "AEO Information" means information designated as "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER." AEO Information is any highly confidential business information more sensitive or strategic than Confidential Information, including, but not limited to, financial, business planning, or technical data, pricing models, information relating to business practices or policy, strategic planning, competitive analysis, or pricing and the disclosure of which is likely to cause significant risk of harm to the disclosing party's competitive position, and where the designating party has a good faith basis to believe that the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation does not provide adequate protection.

4.  **Designation.**

(a)     A party may designate a document as Confidential Information or AEO Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER," or a substantial equivalent thereof, on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or AEO Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or AEO Information are not required to be marked.

(b)     The designation of a document as Confidential Information or AEO Information is a certification by an attorney that the document contains or is believed to contain Confidential Information or AEO Information as defined in this Protective Order.

(c)     Neither the designation of material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER", nor the failure to object to such designation shall constitute any evidence in this matter.

5.     **Depositions.**

(a)     A party may designate testimony during deposition as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" and such designation shall be placed upon the transcript by the court reporter and such material shall remain as Confidential Information or AEO Information pursuant to this Protective Order, subject to Paragraph 12 below.

(b)     Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated automatically as Confidential Information and shall be treated as Confidential Information protected by this Protective Order until thirty days after delivery of the transcript by the court reporter to any party or the witness. Within thirty days after receipt of the transcript by a party, that party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are to be designated Confidential Information or AEO Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Protective Order. The failure to serve a timely Notice of Designation under this subsection 5(b) shall not preclude the party from serving a late Notice of Designation, subject to the provisions of paragraph 7 below.

6.     **Protection of Confidential Information and AEO Information.**

4

(a)     General Protections. Confidential Information and AEO Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph 6(b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Confidential Information and AEO Information may only be used exclusively for purposes of this litigation, subject to the restrictions of this Protective Order.

(b)     Limited Third-Party Disclosures - Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) hereafter.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.  Counsel for the parties (including in-house counsel and outside counsel where applicable) and employees or agents of counsel who are assisting counsel in connection with the action;

(2)     Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing, analyzing or processing documents or information, including outside vendors hired to process

electronically stored documents or information, provided that counsel for the party engaging such contractors provide notice to them of this Protective Order and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and such executed Acknowledgment has been served upon counsel for the other party;

(6)     Consultants and Experts. Consultants, investigators, or experts and their employees engaged by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and such executed Acknowledgment has been served upon counsel for the other party and no good-faith objection has been made within ten (10) days of service. A party objecting to disclosure to an expert or consultant must move the Court for an order that such disclosure not be allowed within fourteen (14) days of service of the Acknowledgment, or such objection will be nullified;

(7)     Witnesses at depositions, hearing or trial. During their depositions, or at a hearing or trial, witnesses in this action to whom disclosure is reasonably necessary and who can be shown to have had prior knowledge of the Confidential Information. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which exhibits any such witness shall return and not retain.

Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(8)     Author or recipient. The author, sender or recipient of the document (not including a person who received the document only in the course of litigation); and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and such executed Acknowledgment has been served upon counsel for the other party.

(c)     Limited Third-Party Disclosures - AEO Information.  Absent prior written permission from the producing party or further order by the court, a receiving party may not disclose AEO Information to any person other than those identified in Paragraph 6(b)(1) and (b)(3)-(9).

(d)     Consent to Modify Designation.  Notwithstanding a party's designation of a document as containing Confidential Information, AEO Information, or otherwise, the parties may meet and confer as to any such designation and upon consent of the producing party, modify or remove the designation.

(e)     Control of Documents.   Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and AEO Information.

**7.     Inadvertent Failure to Designate**.   An inadvertent failure to designate a document as Confidential Information or AEO Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by Paragraph 5(b), even if inadvertent, waives any protection for deposition testimony until such time as Confidential Information or AEO designation shall be made by the party seeking same.   If a party designates a document as Confidential Information or AEO Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order.   No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or AEO Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or AEO Information.

**8.     Disclosure of Confidential Information or AEO Information**.   If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or AEO Information to any person or in any circumstance not authorized under this Protective Order, that party must immediately (a) notify in writing all parties to the case of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information or AEO Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.   The party who designated the Confidential Information or AEO Information reserves all rights against the other party for its violations.

**9.     Disclosure of Privileged Information.**

(a)     The parties anticipate the exchange in discovery of certain AEO Information that is also protected from disclosure by the attorney-client privilege or work product doctrine. Such documents or materials shall also be marked "ATTORNEYS' EYES ONLY - ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT." Production of material protected from disclosure by the attorney-client privilege or the work product doctrine pursuant to this Protective Order shall not be deemed a waiver of such privilege or protection.

(b)     Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall also not be deemed an automatic waiver of such privilege or protection. Upon learning of the inadvertent disclosure, a party claiming such privilege or protection must notify, in writing, the recipients of the inadvertent disclosure. Within five (5) business days of receipt of such notice, any recipients shall either move for a judicial determination of the validity of the privilege or work product claim or retrieve and return to the producing party or destroy all copies of such information and shall not further disclose or use the information until the Court so orders. Return or destruction of the information shall not constitute an admission, concession, or permission of any inference that the returned information is properly subject to a claim of attorney-client privilege or work product immunity. Any Party may move the Court for an order that the information has been improperly designated or should be produced for reasons other than waiver caused by inadvertent production. To the extent that an inadvertent disclosure cannot be handled by the procedure outlined herein, it shall be handled in accordance with Federal Rule of Evidence 502.

**10.    Filing of Confidential Information or AEO Information.** This Protective Order does not, by itself, authorize the filing of any document under seal. Any party wishing to

file a document designated as Confidential Information or AEO Information in connection with a motion, brief or other submission to the Court must comply with local rules of the Court.

**11.      No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Protective Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

**12.      Challenges by a Party to Designation as Confidential Information or AEO Information**. The designation of any material or document as Confidential Information or AEO Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)      Meet and Confer.  A party challenging the designation of Confidential Information or AEO Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)      Judicial Intervention. If a dispute as to a confidentiality designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by letter in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation.  Each such letter must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer

requirements of this procedure.   The burden of persuasion in any such challenge proceeding shall be on the designating party.   Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or AEO Information under the terms of this Protective Order.

**13.     Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information or AEO Information shall be by motion. Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**14.     Use of Confidential Documents or Information at Hearing or Trial.**  A party that intends to present or that anticipates that another party may present Confidential Information or AEO Information at a hearing, trial, court proceeding, or in connection with any motion shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or AEO Information, unless the producing party consents to disclosure. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**15.     Third Parties Subpoenaed In Litigation.**  Any third party who receives a subpoena to produce documents in connection with this litigation may be entitled to the protections set forth in this Protective Order by designating its documents in accordance with Paragraph 4.  The party issuing a subpoena upon a third party agrees to provide such third party with notice and a copy of this Protective Order.

**16.     Confidential Information or AEO Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or AEO Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately object in writing to the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or AEO Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or AEO Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or AEO Information by the other party to this case.

17.     **Challenges by Members of the Public to Sealing Orders**.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**18.    Obligations on Conclusion of Litigation.**

(a)    Order Continues in Force.   Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation. Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and AEO Information under this Protective Order, including copies as defined in Paragraph 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that he or it has done so.

(c)    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or AEO Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or AEO Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information or AEO Information shall continue to be protected under this Protective Order.

(d)    Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

19.    **Order Subject to Modification.** This Protective Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

20.    **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or AEO Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.    **Use of Own Information.** Nothing in this Protective Order shall be construed to preclude a party from using or disclosing that party's own information or materials as he or it wishes.

22.    **Persons Bound.** This Protective Order shall take effect immediately upon execution by the parties, and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms, irrespective of whether the Court executes this Protective Order and/or unless ordered otherwise by the Court.

So ordered.

_Denise Cote_
11/19/19

GISKAN SOLOTAROFF
& ANDERSON LLP

By: ___/s/ Jason L. Solotaroff_____
        Jason L. Solotaroff, Esq.
90 Broad Street, 10th Floor
New York, New York 10004
(212) 847-8315

Attorneys for Plaintiff

Dated: November 19, 2019


SEYFARTH SHAW LLP

By: ___/s/ Katherine Perrelli_____
        Katherine Perrelli, Esq.
Two Seaport Lane
Boston, Massachusetts 02210
(617) 946-4800

Attorneys for Defendant

Dated: November 19, 2019


**SO ORDERED:**


Date: _____

_____
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                          :
MELISSA KELLEY-HILTON                                     :    Civ. A. No. 19-cv-09963
,                                                         :
                         Plaintiff,                       :
                                                          :
        - against -                                       :
                                                          :
STERLING INFOSYSTEMS INC.,                                :
                                                          :
                         Defendant.                       :
                                                          :
------------------------------------------------------------------x

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulate Confidentiality and Protective Order dated _____ (the "Protective Order") in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order. The undersigned understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information and AEO Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or AEO Information to any other person, firm or concern other than counsel for the parties.

- 2 -

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____        _____
                                      Signature