**Seyfarth Shaw LLP**
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
T (617) 946-4800
F (617) 946-4801

kperrelli@seyfarth.com
T (617) 946-4817

www.seyfarth.com

# Seyfarth

# MEMO ENDORSED

*The two witnesses need not be produced for the hearing. Denise Cote 12/3/19*

December 3, 2019

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan United States Courthouse

Re:  **_Kelley-Hilton v. Sterling Infosystems, Inc._, 1:19-cv-09963-DLC**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Dear Judge Cote:

We represent defendant Sterling Infosystems, Inc. ("Sterling"). We write in response to plaintiff Melissa Kelley-Hilton's ("Plaintiff")'s letter requesting leave to call two additional witnesses, Pam Panzarino and Alejandra Jimenez, both current Sterling Diligence employees, to testify at the preliminary injunction hearing scheduled for December 5. The parties conferred but were unable to reach an agreement. For the reasons below, Sterling respectfully submits that these two additional witnesses are not material to the issues that the Court will be considering at the hearing.

Sterling expects the focus of the Court's consideration of Plaintiff's preliminary injunction motion will be on whether the status quo should be disrupted by invalidating the restrictive covenants contained in either of two agreements signed by Plaintiff pending a trial on the merits. Plaintiff seeks to call these additional Sterling employees to testify about issues that ultimately have no bearing on whether the covenants are enforceable under Delaware law or New York law, respectively.

During the conference with the Court several weeks ago, we understood that Your Honor narrowed the factual issues relevant for the hearing to three discrete subjects: (1) Plaintiff's purported whistleblowing activity when she raised a concern about a compliance issue; (2) the restructuring of the Company in late 2018 that allegedly impacted Plaintiff; and (3) the events surrounding Plaintiff's separation from the Company in October. The parties' direct testimony declarations address these issues in detail. Neither of these two additional Sterling witnesses that Plaintiff seeks to call have relevant personal knowledge or are competent to testify about these subjects, and for those reasons are unlikely to add anything more than perhaps cumulative testimony.

Ms. Panzarino is a licensed Private Investigator in New York State who works as VP - Investigations in Sterling Diligence. Plaintiff contends that Ms. Panzarino is necessary because she will purportedly testify that in the wake of Plaintiff's departure that Sterling no longer has a "qualified individual" necessary for Sterling to act as a private investigator in New York State. Ms. Jimenez is Sr. Manager - Global Investigations at Sterling Diligence and was Plaintiff's direct report when Plaintiff was employed by Defendant. Plaintiff contends that she can address Sterling's statements that Plaintiff "front-loaded work" in 2018 and overworked her staff. Respectfully, these issues have little to do with the three subjects Your Honor identified, nor are they critical to the enforceability of the restrictive covenants for several reasons.


*First*, the issue about Plaintiff's 2018 and 2019 performance was raised by Defendant's witnesses to rebut Plaintiff's claim in her moving papers that the change in her reporting structure and then the later shift in her business focus to the Citizenship business was in retaliation for being a whistleblower. Her performance, however, is not particularly germane to the enforceability of the restrictive covenants at issue. Even if it was, the testimony of additional witnesses would be at best cumulative of the information that Plaintiff has presented in her declarations, as well as the four Sterling witnesses that have submitted declarations and will be present at the hearing. In particular, Joy Henry, GM - Financial and Business Services, and Lou Paglia, President of Sterling, both of whom managed Plaintiff directly at different times, can address the 2018 work load and revenue issues. In contrast, neither Ms. Panzarino nor Ms. Jimenez had authority over Plaintiff, were involved in any review of her work performance for 2018 or any other time, have personal knowledge about Sterling's revenues, were involved in any of the decisions related to the reorganization and rebranding, or the Plaintiff's exit from Sterling. Their testimony will therefore not add value to the Court's decision-making process on the issues it has identified will be considered at the preliminary injunction hearing. *See Connecticut Res. Recovery Auth. v. Occidental Petroleum Corp.*, 705 F.2d 31, 37 (2d Cir. 1983) (affirming denial of injunction where lower court declined to hear three witnesses whose "evidence would only have been cumulative.").

*Second*, Plaintiff's purported reasoning for calling Ms. Panzarino, *i.e.*, to solicit testimony regarding whether she is a "qualifier" for purposes of Sterling's compliance with New York state law, is, in Sterling's view, a sideshow, and entirely outside the scope of Plaintiff's motion. *See Sanders v. City of New York*, No. 98 CIV. 3374 (VM), 2001 WL 1568422, at *1 (S.D.N.Y. Dec. 5, 2001) (excluding "proposed witnesses and exhibits [that] are clearly outside the scope of [Plaintiff's] core claims"). Defendant has already produced to Plaintiff a copy of Ms. Panzarino's Private Investigator license, as was directed by the Court. Steven Barnett, Sterling's General Counsel, has further testified in his supplemental Declaration that there is another qualified private investigator in another part of Sterling that can fulfill that role. Mr. Barnett will be subject to cross-examination at the hearing. No other discovery was sought or mandated by the Court about this issue. Plaintiff, nevertheless, desires to explore from these two additional Sterling employees at the hearing whether Sterling is able to continue doing the work that Plaintiff had been performing on the basis that Ms. Panzarino is not a "qualifier" as defined under New York's applicable statutes. It is respectfully submitted that this issue is a question of law on which Ms. Panzarino's testimony would not be helpful in resolving. And, while Defendant maintains that Ms. Panzarino is licensed and fully qualified, even if she for some reason is not, then Defendant can always engage another person with the requisite qualifications at any time and continue the work that Plaintiff had been performing. Thus, at best, if Ms. Panzarino testifies as Plaintiff hopes she will, a question of fact and law remains for later consideration and resolution in this case. Either way, Ms. Panzarino's testimony would simply be cumulative of Plaintiff's position and contrary to Sterling's position. More importantly, Sterling submits that the disputed issue is not relevant to the ultimate issue regarding enforceability of Plaintiff's contractual covenants. Allowing Plaintiff to circumvent these restrictive covenants can and will still cause irreparable harm to Sterling as Sterling can and has the resources to legally perform the work.

*Third*, it is respectfully submitted that both of these witnesses are critical to the daily functioning of Sterling Diligence's business, and Sterling is already producing four senior Sterling witnesses to testify at the hearing. Given that the expected testimony of the two additional witnesses would be cumulative at best, for this and all the foregoing reasons, we respectfully request that the Court not require their attendance at the hearing.





We are available for a telephonic conference with the Court today to resolve this dispute.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Katherine E. Perrelli*

Katherine E. Perrelli


cc:    Counsel for Plaintiff (via ECF)